IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, JANE DOE 6, and JANE DOE 7,<br>    Plaintiffs,<br><br>v.<br><br>JASON R. MUSSELMAN, STEVEN V. SLOAN, individually or as SHERIFF OF STARK COUNTY, ILLINOIS, COUNTY OF STARK, ILLINOIS, GARY D. BENT, individually or as CHIEF OF POLICE OF TOULON, ILLINOIS, and CITY OF TOULON, ILLINOIS,<br>    Defendants. | Case No. 1:23-cv-01035-JEH |
| JANE DOE 8,<br>    Plaintiff,<br><br>v.<br><br>JASON R. MUSSELMAN, STEVEN V. SLOAN, individually or as SHERIFF OF STARK COUNTY, ILLINOIS, COUNTY OF STARK, ILLINOIS, GARY D. BENT, individually or as CHIEF OF POLICE OF TOULON, ILLINOIS, and CITY OF TOULON, ILLINOIS,<br>    Defendants. | Case No. 1:23-cv-01036-JEH |

| | |
|---|---|
| JANE DOE 9,<br>    Plaintiffs,<br><br>v.<br><br>JASON R. MUSSELMAN, STEVEN V. SLOAN, individually or as SHERIFF OF STARK COUNTY, ILLINOIS, COUNTY OF STARK, ILLINOIS, GARY D. BENT, individually or as CHIEF OF POLICE OF TOULON, ILLINOIS, and CITY OF TOULON, ILLINOIS,<br>    Defendants. | Case No. 1:23-cv-01037-JEH |

# Order

Now before the Court is the Plaintiffs Jane Does 1-7, 8, and 9's Combined Motion for Reconsideration or Final Judgment Pursuant to Fed. R. Civ. P. 54(b) (D. 89, D. 82, D. 82).[1] For the reasons set forth, *infra*, the Motion is DENIED IN PART and GRANTED IN PART.

## I

On March 5, 2025, the Court entered an Order (D. 86, D. 79, D. 79)[2] granting Defendants Stark County and Sheriff Steven Sloan's Motion to Dismiss the Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (D. 77, D. 70, D. 70) and granting in part and denying in part Defendants Gary Bent and the City of Toulon, Illinois' Motion to Dismiss Plaintiffs' Second Amended Complaints Pursuant to Federal Rule of Civil Procedure 12(b)(6) (D. 80, D. 73, D. 73). In their Second Amended Complaints, the Plaintiffs had added claims pursuant to 42 U.S.C. § 1983

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."
[2] The Plaintiffs' three civil lawsuits – Case Nos. 1:23-cv-01035, 1:23-cv-01036, 1:23-cv-01037 – were consolidated for purposes of discovery in August 2023.

2

against Defendant Sloan in his official capacity as Sheriff of Stark County, Sloan in his individual capacity, Stark County, Illinois, Defendant Bent in his official capacity as Deputy Sheriff of Stark County, Illinois, Bent in his official capacity as Chief of Police of the City of Toulon, Illinois, Bent in his individual capacity, and the City of Toulon, Illinois.  The Plaintiffs also added Illinois state law claims for intrusion upon seclusion against Defendant Sloan as Sheriff of Stark County, Defendant Stark County, Defendant Bent as Chief of Police of the City of Toulon, and the City of Toulon.

In its Order on the Defendants' Motions to Dismiss, the Court determined the constitutional right to privacy the Plaintiffs alleged – "to the privacy of sexual highly personal matters" and "to avoid the nonconsensual dissemination of access to [their] private sexual images within the Blue Breeze CSAM Images" – was defined too broadly and was lacking in specificity.  3/5/2025 Order (D. 86 at ECF p. 7)[3].  The Court instead explained the right at issue was more precisely defined as:  the right to be free from one's nude photos that are the subject of an ongoing criminal investigation being disclosed in furtherance of the investigation to individuals without actual authority to access them.  *Id*. at ECF pp. 7-8.  The Court found the precisely defined right was not recognized by the cases the Plaintiffs cited, including *York v. Story*, 324 F.2d 450 (9th Cir. 1963), and the Court could find no case which recognized the constitutional right the Plaintiffs alleged.  Thus, all of the Plaintiffs' Section 1983 claims failed.[4]

---

[3] The Court hereafter cites only the docket in Case No. 1:23-cv-01035.

[4] In addition to their claims against Defendants Sloan and Bent in their individual and official capacities, the Plaintiffs sought to hold Defendants Stark County and the City of Toulon liable pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).  Also, the Plaintiffs do not challenge the Court's finding that they failed to state a claim under Illinois law for intrusion upon seclusion against Defendants Sloan, Bent, and Stark County.  *See* 3/5/2025 Order (D. 86 at ECF pp. 15-16).

3

In their instant Motion to reconsider, the Plaintiffs mainly argue the Court misapprehended *York* and incorrectly dismissed the Plaintiffs' Section 1983 claims accordingly. They ask the Court to reconsider and reverse its March 5th Order, or, in the alternative, find there is no just reason for delay and direct the entry of final judgment on the Plaintiffs' Section 1983 claims so that they may appeal.

## II

Federal Rule of Civil Procedure 54(b) governs motion to reconsider filed before the entry of final judgment. *See Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012) ("Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of judgment . . . ."). Rule 54(b) provides in relevant part:

> [A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). "[M]otions to reconsider an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence." *Woods v. Resnick*, 725 F. Supp. 2d 809, 827-28 (E.D. Wis. 2010) (citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). An order shall be altered or amended where the court: 1) patently misunderstood a party; 2) made a decision outside the adversarial issues presented; or 3) made an error not of reasoning but of apprehension. *Hutcherson v. Krispy Kreme Doughnut Corp.*, 803 F. Supp. 2d 952, 956 (S.D. Ind. 2011).

Per the Plaintiffs, the constitutional right as framed by the Court in its March 5th Order is the exact right clearly established in *York* "in the distribution prong of the section 1983 case." Plfs' Mot. to Recons. (D. 89-1 at ECF p. 3). In *York*, as the Court previously summarized: a male police officer unnecessarily photographed

4

the nude body of a female citizen who made a complaint of an assault upon her, over her protest and at a time a female officer could have been called in to take the photographs, and distributed those photographs to other police department personnel. 324 F.2d at 455. Two other male police officers, using police photographic equipment located at the police station, made additional prints of those photographs, and circulated those prints among the personnel of the police department. *Id.* at 452.

In their Motion, the Plaintiffs attempt to show how the facts in *York* align with those alleged here. Contrary to their arguments, the facts do not so perfectly align as Defendant Sheriff Sloan here did not create/take the naked pictures under questionable circumstances. *See* 3/5/2025 Order (D. 86 at ECF p. 8). The Ninth Circuit underscored the photos were taken over the plaintiff's protest that they would show no injuries, a female officer was present at the station but was not requested to take the photos, and the distribution of the photographs "could not have aided in apprehending the person who perpetrated the assault." *York*, 324 F.2d at 455. Here, as the Plaintiffs themselves alleged in their Second Amended Complaint, Sheriff Sloan participated in the investigation into the Blue Breeze images and directed the matter be assigned to Defendant Bent with the assistance of Defendant Musselman, and Musselman in turn later told Bent he had reviewed the link provided to him and identified the females depicted (the inference being he did so in furtherance of the investigation). Plfs' 2d Am. Compl. (D. 74 at ECF pp. 49, 50). Such facts alleged here present an entirely different landscape than that in *York*.

In other words, the officers' further circulation of the plaintiff's photographs in *York* does not mirror Defendant Sloan's and Bent's actions as there are no allegations in the Second Amended Complaint that those two provided Defendant Musselman access to the Blue Breeze images though doing so could *not* have aided

5

in the investigation. As for Musselman's actions in further disseminating the naked photos to unauthorized individuals on the internet, those are irrelevant given the definition of the constitutional right in this case. The constitutional right as defined by this Court focused upon the disclosure of the images *in furtherance of* the investigation, no allegation comes close to suggesting Musselman purportedly disseminated the photographs to individuals on the internet in furtherance of the investigation, and the Plaintiffs did not bring their Section 1983 claims against Musselman.[5] This Court did not misapprehend the effect and application of authority to investigate versus or compared to authority to distribute to strangers; the Court's focus *was* on the authority to distribute given the defined right's contours. *See Smith v. Garland*, 103 F.4th 1244, 1256 (7th Cir. 2024) ("Anything less than a careful description is insufficient, because 'extending constitutional protection to an asserted right or liberty interest . . . place[s] the matter outside the arena of public debate and legislative action.'") (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). This Court did not misapprehend *York* by finding it distinguishable from the present facts because the Plaintiffs' photos were not taken at the police station as they were in *York*; this Court did not distinguish that case on those grounds.

The Plaintiffs make much ado about the two-pronged analysis in *York*, the second being the "distribution prong" (as the Plaintiffs term it), stating this Court failed to grasp that the *York* court found the defendants' conduct there violated the "*separate and independent* constitutional right of privacy protecting against an individual clothed in and purporting to act with local governmental authority from distributing photos to unauthorized individuals". Plfs' Mot. to Recons. (D. 89-1 at ECF pp. 8-9) (emphasis in original).

---

[5] The *York* action was brought against the police officers who distributed/circulated the plaintiff's photographs. *York*, 324 F.2d at 451.

True, the factual allegations in support of the *York* plaintiff's Due Process claim included one police officer's actions in taking nude photographs of the plaintiff and disseminating those photos and two other officers' actions in making additional prints and circulating them. 324 F.2d at 452. But the *York* court did not parse its analysis in the manner the Plaintiffs here suggest. The *York* court made very clear what it was tasked to decide: "[W]hether *the acts of the police, as here alleged*, constitute an arbitrary invasion upon the security of one's privacy in upon [sic] Due Process sense." *Id*. at 455 (emphasis added). In stating it could not "conceive of a more basic subject of privacy than the naked body", the Ninth Circuit elaborated in the conjunctive that it did "not see how it can be argued that . . . the photographing of one's nude body, *and the distribution of such photographs* to strangers does not" deprive a person of her privacy. *Id*. (emphasis added). In stating it could not "imagine a more arbitrary police intrusion upon the security of that privacy" than there alleged, the Ninth Circuit considered the plaintiff's allegations *as a whole*, including the distribution of the photographs. *Id*. The Ninth Circuit concluded:

> [*U*]*nder the allegations of the amended complaint*, [the plaintiff] has laid a foundation for proving, if she can, not only that [the defendants] were acting under color of local authority at the times in question, but that *such acts constituted an arbitrary intrusion upon the security of her privacy*, as guaranteed to her by the Due Process Clause of the Fourteenth Amendment.

*Id*. at 456 (emphasis added).

With regard to the Plaintiffs' contention that the *York* court did not find it dispositive that the photographs were not distributed for purposes of furthering the criminal investigation, the Plaintiffs are somewhat mistaken. As quoted above, the Ninth Circuit considered all the alleged facts simultaneously in reaching its holding. The Plaintiffs are incorrect that the *York* court specifically rejected the

7

argument that "[s]ince the photographs were lawfully obtained, it was not improper for authorized personnel to review or discuss them." 324 F.2d at 454 n.6. The Ninth Circuit quoted that statement appearing in the police officers' brief when it noted the officers did not contend the amended complaint was deficient as to the requisite element of "acting under color of local authority" for a Section 1983 claim. *Id*. The *York* court did not explicitly consider whether the officers were authorized or unauthorized in finding the plaintiff sufficiently alleged the police's acts constituted a deprivation of her liberty in violation of the Fourteenth Amendment's Due Process clause. *Id*. at 454 (explaining "[i]t hardly need be added that the question of whether [the plaintiff] can prove that [the defendants] were clothed with local authority, and were purporting to act pursuant thereto in doing the things complained of, *does not concern us now*.") (emphasis added).

It is worth noting, in light of the Plaintiffs' arguments as to the Court's misapprehension of *York*, that the Ninth Circuit used the word "arbitrary" seven times in its opinion to describe the police action/intrusion/invasion into the plaintiff's privacy. Here, the allegations and reasonable inferences therefrom as to Defendants Sloan's and Bent's conduct set forth in the Second Amended Complaint, specifically as to them handing over access to Musselman of the Blue Breeze images, do not smack of the arbitrariness found in *York*. Ultimately, the constitutional right defined by this Court in its March 5th Order does not exactly align with the facts and holding of *York* and the present case. *See Students v. U.S. Dep't of Educ.*, No. 16-cv-4945, 2016 WL 6134121, at *22 (N.D. Ill. Oct. 18, 2016) ("As the Seventh Circuit has observed, the definition of a substantive due process right is 'constrained by the factual record before [the court], which sets the boundaries of the liberty interests *truly* at issue in the case.'") (emphasis in original) (quoting *Doe v. City of Lafayette*, 377 F.3d 757, 769 (7th Cir. 2004)).

Finally, all the foregoing is to say nothing of the fact that the Plaintiffs fully rely on an out of circuit case from 1963. Out-of-circuit precedent is not binding on this Court, though it is entitled to "respectful consideration." *OSF Healthcare Sys. v. Insperity Grp. Health Plan*, 82 F. Supp. 3d 860, 865 (C.D. Ill. 2015) (quoting *U.S. v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994)). While *York* was cited in a Seventh Circuit case as recently as 2022, that case did not involve the constitutional right alleged here. *West v. Radke*, 48 F.4th 836, 850 (7th Cir. 2022) (stating "[c]ourts have long recognized that sex is a trait relevant to inmate privacy" and citing cases explaining it is a greater invasion of privacy to have one's naked body viewed by a member of the opposite sex in case addressing cross-sex strip searches in prison). The Plaintiffs provide nothing to contradict the Court's statement that it could find no case which recognizes the constitutional right they allege here. Neither *York* nor the Plaintiffs' previously cited cases distinguished in the Court's March 5th Order do so. *See Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) ("Identifying unenumerated rights carries a serious risk of judicial overreach, so this Court 'exercise[s] the utmost care whenever we are asked to break new ground in this field.'") (quoting *Glucksberg*, 521 U.S. at 720).

The Plaintiffs' remaining arguments as to color of authority of the officers in *York* and *York*'s clearly established constitutional right as encompassing this Court's right amount to a rehashing of their first argument addressed, *supra*. Their argument that the Court erred in finding they failed to plead a constitutional right is a rehashing of their arguments made in opposition to the Defendants' Motions to Dismiss and will thus not be entertained. *See Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) ("[W]e have held that a Rule 59(e) motion is not to be used to rehash previously rejected arguments . . . .") (internal quotation and citation omitted).

III

Because the Court has rejected the Plaintiffs' request to reconsider its finding that the Plaintiffs did not allege the violation of any recognized constitutional right, their remaining arguments - the Court erred in not analyzing their *Monell* claims as properly pled and the Court should not have dismissed based on qualified immunity – fail. *See* 3/5/2025 Order (D. 86-1 at ECF pp. 11-12) (finding that without a sufficiently alleged violation of any recognized constitutional right, the Plaintiffs' *Monell* claims failed and qualified immunity precluded Defendants Sloan's and Bent's liability in their individual capacities).

IV

The Plaintiffs alternatively ask the Court to grant their motion for final judgment and enter an order stating that there is no just reason for delay. "Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." *Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Cos.*, 408 F.3d 935, 938 (7th Cir. 2005) (internal citation omitted). Furthermore, a court may direct entry of such a judgment when the court "expressly determines that there is no just reason for delay." *Rankins v. Sys. Solutions of Ky., LLC*, 40 F.4th 589, 591 (7th Cir. 2022) (quoting FED. R. CIV. P. 54(b)).

Here, the Plaintiffs argue that because their Section 1983 claims were dismissed with prejudice as to each party against which such a claim was brought, the dismissals on each claim are a "final judgment". "[T]o determine whether an order truly is 'final,' we ask whether there is significant factual and legal overlap between the claim proposed for appeal and the part of the case pending in the district court." *Rankins*, 40 F.4th at 592; *see also Lottie*, 408 F.3d at 939 ("different theories of relief or different legal characterizations of the same facts are not separate claims for Rule 54(b) purposes"). The Plaintiffs contend their remaining

10

Illinois law intrusion upon seclusion claim against Defendant City of Toulon does not consider whether or not there is a constitutional right violation, and, therefore, that remaining claim should not preclude entry of final judgment as to their Section 1983 claims.

Looking to the Second Amended Complaint's allegations, there is factual overlap between the Plaintiffs' Section 1983 claims and their intrusion upon seclusion claim: in both, the Plaintiffs allege Defendant Musselman was given unrestricted access to a Dropbox link with Blue Breeze images though Defendant Musselman was unauthorized to access and download the images. Nevertheless, the factual overlap is not significant, and there is no meaningful legal overlap. Resolution of the Plaintiffs' intrusion upon seclusion claim against Defendant City of Toulon would not "undercut" or otherwise alter the "final" claim where a defined constitutional right does not factor into an intrusion upon seclusion analysis, and the intrusion upon seclusion claim against the City of Toulon that remains focuses upon Musselman's conduct and no one else's. *Rankins*, 40 F.4th at 592. The City of Toulon remains a defendant as to that claim under a *respondeat superior* theory of liability. *See* 3/5/2025 Order (D. 86 at ECF p. 17). Moreover, the Plaintiffs' Section 1983 claims were dismissed with prejudice.

In light of all this, there is no just cause for delay. *See Toyo Tire Corp. v. Atturo Tire Corp.*, No. 14-cv-0206, 2021 WL 1853310, at *2 (N.D. Ill. May 10, 2021) ("The claim resolved must dispose of a distinct issue; only then will there be 'no just reason for delay' in the appellate process.") (quoting *Domanus v. Locke Lorde LLP*, 847 F.3d 469, 477 (7th Cir. 2017)). The parties and claims that remain before this Court may proceed without causing piecemeal litigation of this action. The counts that remain are, except for one (the intrusion upon seclusion claim against the Defendant City based upon a *respondeat superior* theory of liability), against only Defendant Musselman and seek relief pursuant to a federal statute allowing

11

victims of child pornography to recover from perpetrators, 18 U.S.C. § 2255(a), and damages for intrusion upon seclusion. The Court's and parties' interest in continuing to advance this case as to the remaining claims and the Plaintiffs' interest in promptly attempting to revive their dismissed distinct Section 1983 claims are furthered by the entry of a Rule 54(b) judgment. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) ("a district court must take into account judicial administrative interests as well as the equities involved" when considering whether there are no just reasons to delay the appeal).

## V

For the reasons set forth, *supra*, Plaintiffs Jane Does 1-7, 8, and 9's Combined Motion for Reconsideration or Final Judgment Pursuant to Fed. R. Civ. P. 54(b) (D. 89, D. 82, D. 82) is DENIED IN PART and GRANTED IN PART. The Plaintiffs' motion to reconsider is DENIED, and their motion for final judgment is GRANTED. The Clerk is directed to enter final judgment as follows: as to Counts 15-23 of Plaintiff Does 1-7's Second Amended Complaint (D. 74) in 1:23-cv-01035; as to Counts 3-11 of Plaintiff Doe 8's Second Amended Complaint (D. 67) in 1:23-cv-01036; and as to Counts 3-11 of Plaintiff Doe 9's Second Amended Complaint (D. 66) in 1:23-cv-01037.

*It is so ordered.*

Entered on April 29, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE